```
1  JAMES J. McDONALD, Jr, Bar No. 150605
   EMAIL: jmcdonald@laborslawyers.com
2  CHRISTINE D. BARAN, Bar No. 158603
   EMAIL: cbaran@laborylawyers.com
3  RON S. BRAND, Bar No 224809
   EMAIL: rbrand@laborlawyers.com
4  FISHER & PHILLIPS LLP
   18400 Von Karman Avenue, Suite 400
5  Irvine, California 92612
   Telephone (949) 851-2424
6  Facsimile (949) 851-0152

7  Attorney for Defendant LOS ANGELES COUNTY FAIR ASSOCIATION
```

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, ANDREW STERN, Trustee, MIKE GARCIA, Trustee, ROD BASHIR, Trustee, CHARLES RIDGELL, Trustee, SHARLEEN STEWART, Trustee, JAMES BERG, Trustee, EDWARD J. MANKO, Trustee, JOHN J. SHERIDAN, Trustee, LARRY SMITH, Trustee, FRANK A MAXSON, Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>LOS ANGELES COUNTY FAIR ASSOCIATION, a California corporation,<br><br>Defendant. | Case No  3:07-cv-06264-MHP<br><br>ANSWER TO COMPLAINT |

Defendant LOS ANGELES COUNTY FAIR ASSOCIATION ("Defendant") responds to Plaintiffs' Complaint for Damages in this action as follows:

**ANSWER**

1. Answering paragraph 1, Defendant admits, on information and belief, the allegations regarding the identity

---
ANSWER TO COMPLAINT

Irvine 502597.1

of the Plaintiffs contained in paragraph 2 of the Complaint. However, to the extent Plaintiffs' allegations in paragraph 1 contain a legal conclusion, Defendant does not answer as no response is required.

2. Answering paragraph 2, Defendant admits that the Los Angeles County Fair is registered to do business in the state of California with a principal place of business located in the city of Pomona, California. However, to the extent Plaintiffs' allegations in paragraph 2 contain a legal conclusion, Defendant does not answer as no response is required

3. In answering paragraph 3 of the Complaint, Defendant admits that this court has jurisdiction. However, to the extent Plaintiffs' allegations in paragraph 3 contain legal conclusions, Defendants does not answer as no response is required.

4. In answering paragraph 4 of the Complaint, Defendant admits that this court has jurisdiction. However, to the extent Plaintiffs' allegations in paragraph 4 contain legal conclusions, Defendant does not answer as no response is required.

5. In answering paragraph 5 of the Complaint, Defendant admits, on information and belief, the allegations regarding venue, contained in paragraph 3 of the Complaint.

6. In answering paragraph 6 of the Complaint, Defendant is without knowledge or sufficient information as to truth of the allegations contained in paragraph 6 and on that basis denies each and every allegation contained therein. However, to the extent Plaintiffs' allegations in paragraph 6 contain

legal conclusions, Defendant does not answer as no response is required.

7. In answering paragraph 7 of the Complaint, Defendant states that allegations contained therein contain legal conclusions to which no response is required.

8. In answering paragraph 8 of the Complaint, Defendant states that allegations contained therein contain legal conclusions to which no response is required.

9. In answering paragraph 9 of the Complaint, Defendant states that allegations contained therein contain legal conclusions to which no response is required.

10. In answering paragraph 10 of the Complaint, Defendant admits that at all relevant times to the action it was party to and bound by a Bargaining Agreement covering Defendant's employees. The remaining allegations contained in paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

11. In answering paragraph 11 of the Complaint, Defendant states that allegations contained therein contain legal conclusions to which no response is required.

12. In answering paragraph 12 of the Complaint, Defendant states that allegations contained therein contain legal conclusions to which no response is required.

13. In answering paragraph 13 of the Complaint, Defendant admits that it was required to submit monthly remittance reports of all covered hours of service by its pension contribution eligible employees covered by the Bargaining

1  Agreement along with contributions on behalf of such employees
2  owed to the Trust's principal place of business on or before
3  the 15th of each month following the month in which the work was
4  performed. The remaining allegations contained in paragraph 13
5  contain legal conclusions to which no response is required. To
6  the extent a response is required, Defendant denies each and
7  every allegation contained therein.
8      14. In answering paragraph 14 of the Complaint, Defendant
9  states that the allegations contained therein contain legal
10 conclusions to which no response is required. To the extent a
11 response is required, Defendant denies each and every
12 allegation contained therein.
13     15. In answering paragraph 15 of the Complaint, Defendant
14 states that the allegations contained therein contain legal
15 conclusions to which no response is required. To the extent a
16 response is required, Defendant denies each and every
17 allegation contained therein.
18     16. In answering paragraph 16 of the Complaint, Defendant
19 states that the allegations contained therein contain legal
20 conclusions to which no response is required. To the extent a
21 response is required, Defendant denies each and every
22 allegation contained therein.
23     17. In answering paragraph 17 of the Complaint, Defendant
24 states that the allegations contained therein contain legal
25 conclusions to which no response is required. To the extent a
26 response is required, Defendant denies each and every
27 allegation contained therein.
28     18. In answering paragraph 18 of the Complaint, Defendant

states that the allegations contained therein contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

19. In answering paragraph 19 of the Complaint, Defendant denies each and every allegation contained therein.

20. In answering paragraph 20 of the Complaint, Defendant denies each and every allegation contained therein.

21. In answering paragraph 21 of the Complaint, Defendant incorporates paragraphs 1 to 20 of this Answer.

22. In answering paragraph 22 of the Complaint, Defendant admits that it agreed to be bound by the terms of the subject Bargaining Agreement and other mutually agreed contract interpretation and modification documents, ("Contractual Documents") and by the Terms of the Trust Agreement and Plan documents, subject to the contractual Documents.

23. In answering paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

24. In answering paragraph 24 of the Complaint, Defendant states that the allegations contained therein contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

25. In answering paragraph 25 of the Complaint, Defendant incorporates paragraphs 1-24 of this Answer.

26. In answering paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

With respect to the remaining paragraphs in Plaintiffs'

Complaint, Defendant alleges that such paragraphs constitute prayers of relief to which no response is necessary. To the extent that any response is necessary, Defendant specifically denies that Plaintiffs are entitled to relief under any of the aforementioned statutes. Except as expressly alleged and denied, Defendant does not have sufficient information or belief to respond to the remaining allegations set forth in Plaintiffs' prayers and on that basis, generally and specifically denies each and every part thereon.

## AFFIRMATIVE DEFENSES

27. The First and Second causes of action against Defendant fail to state facts sufficient to constitute a cause of action against Defendant.

28. Plaintiffs' Complaint and each and every purported cause of action therein, is barred because the Plaintiffs and/or parties whose conduct is chargeable to the Plaintiffs, caused and/or contributed to the Plaintiffs' alleged injury and damages and therefore, Plaintiffs' action is wholly and/or partially barred as to the Defendant.

29. Plaintiffs, by reason of their acts, conduct and omissions are estopped from obtaining any relief sought in the Complaint, or in any purported cause of action alleged therein.

30. Plaintiffs, by reason of their acts, conduct and omissions have waived their rights, if any, to obtain the relief sought in the Complaint, or in any purported cause of action alleged therein.

31. Plaintiffs, by reason of their acts, conduct and omissions are barred from recovery by the doctrine of unclean

1  hands.

2      32. Plaintiffs are guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

    33. Plaintiff's Complaint and each and every purported cause of action therein, is barred based on the express language of the Contractual Documents and the prior course of dealing between the parties.

    WHEREFORE, this answering Defendant prays as follows:

    1. That Plaintiffs take nothing by their Complaint for Damages;

    2. That Plaintiffs' Complaint herein be dismissed in its entirety with prejudice;

    3. That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

    4. That the Court award such other and further relief as it deems appropriate.

DATED: February 25, 2008      FISHER & PHILLIPS LLP

By: *[signature]*
JAMES J. McDONALD, Jr.
CHRISTINE D. BARAN
RONALD S. BRAND
Attorneys for Defendant LOS ANGELES COUNTY FAIR ASSOCIATION