PHILIP M. MILLER (SBN 87877)
KRISTEN McCULLOCH (SBN 177558)
SHAAMINI A. BABU (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
pmiller@sjlawcorp.com
kmcculloch@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

JAMES J. McDONALD, Jr, Bar No. 150605
EMAIL: jmcdonald@laborslawyers.com
CHRISTOPHER J. BOMAN, Bar No. 198796
EMAIL: cboman@laborlawyers.com
CHRISTINE D. BARAN, Bar No. 158603
EMAIL: cbaran@laborlawyers.com
FISHER & PHILLIPS LLP
18400 Von Karman Avenue, Suite 400
Irvine, California 92612
Telephone (949) 851-2424
Facsimile (949) 851-0152

Attorney for Defendant LOS ANGELES COUNTY FAIR ASSOCIATION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>LOS ANGELES COUNTY FAIR ASSOCIATION, a California corporation,<br><br>Defendant. | Case No.: C 07-06264 MHP<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER** |

///

///

///

Plaintiffs, the Service Employees International Union National Industry Pension Fund ("Fund") and its Trustees, jointly with Defendant, Los Angeles County Fair Association ("Defendant"), in the above-entitled action submit this Joint Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## 1. JURISDICTION, VENUE AND SERVICE

A. JURISDICTION: Jurisdiction exists in this Court over the claims asserted by Plaintiffs by virtue of ERISA Section 502, 29 U.S.C. §1132.

Plaintiffs assert that jurisdiction also exists in this Court over all the claims by virtue of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, in that Plaintiffs seek to enforce the terms and conditions of the collective bargaining agreement ("Collective Bargaining Agreement" or "CBA") between Defendant and Service Employees International Union, Local No. 1877 ("Union"), a labor organization. Defendant contests this asserted statutory jurisdiction, because the LMRA as a whole, including the above-referenced Section 29 U.S.C. §185, does not apply to the horse racing industry, or to employees working in that industry, who constitute 100% of the employees covered by the Collective Bargaining Agreement.

B. VENUE: Venue exists in this Court with respect to the claims under ERISA Section 502, 29 U.S.C. § 1132, because the Fund conducts its business and may be found in this district.

C. SERVICE: Defendant was served with the original Complaint filed in this action on January 9, 2008.

## 2. FACTUAL DESCRIPTION OF THE CASE

A. A brief description of the events underlying the action:

Plaintiff Fund is a multiemployer joint labor-management pension fund established under Section 302(c) of the LMRA (29 U.S.C. § 186(c)). Defendant is the Los Angeles County Fair, which also sponsors horse racing and operates a horse racing track. Under the Collective Bargaining Agreement, Defendant is required to

make monetary contributions on behalf of specified employees to the Fund which provides pension related benefits to eligible employees. Plaintiffs allege Defendant has failed to make the required contributions to the Fund. Defendant alleges that it has made all contractually required contributions under the Collective Bargaining Agreement for all contribution eligible employees. This action was filed on December 11, 2007, for collection of allegedly delinquent contributions from Defendant under ERISA 29 U.S.C. Section 101, et seq.

B. The principal factual issues which the parties dispute:

Plaintiff claims Defendant owes the Fund unpaid contributions in the approximate amount of $62,559.99, plus liquidated damages (5% prior to litigation, and 20% on amounts subject to litigation) and interest (10% simple interest per annum) accrued through the date the delinquent contributions are paid, together with all reasonable attorneys' fees and costs incurred as a result of the litigation.

Defendant disagrees, alleges that it has paid all required contributions, and contends that it was entitled to a reimbursement in the approximate amount of $62,559.99 from the Fund as Defendant contends that it mistakenly paid contributions to the Fund with respect to work performed by "permit employees" during the months of September and October 2003. Defendant further contends that such permit employees were not contribution or pension plan eligible employees under the parties Collective Bargaining Agreement. Defendant further contends that because of contributions mistakenly made on permit employees by an inexperienced bookkeeper, Defendant decided to take a credit of the amount of the mistaken contributions, totaling approximately $62,559.99 from contributions otherwise due and owing by Defendant on behalf of contribution eligible employees from September 2004 through December 2005. Defendant alleges that it has thus, in reality, pre-paid contributions on contribution eligible employees.

///

///

C. The primary factual issue in this case is whether or not the Collective Bargaining Agreement requires the Defendant to make contributions on the permit employees for the months of September and October 2003 which Defendant did in fact make, allegedly by mistake, and for which Defendant subsequently took a credit. Defendant asserts that this issue is presently the subject of a grievance filed by Defendant against Service Employees International Union, Local No. 1877, the labor organization representing employees under the Collective Bargaining Agreement, which will be arbitrated in the near future. The Defendant intends to file a Motion to Stay all federal court proceedings pending the completion of arbitration proceedings and the issuance of such arbitration award.

D. None of the parties intend to name or join any additional parties in the instant litigation.

## 3. LEGAL ISSUES

The principal legal issues which the parties dispute:

Plaintiffs claim that under the Collective Bargaining Agreement, Trust Agreement, and ERISA Section 515, 29 U.S.C. §1132, Defendant had a statutory and contractual obligation to make monthly contributions to the Fund for work performed by all of Defendant's employees with the exception of "permit employees" of Defendant, whom Defendant identified and for whom Defendant obtained a specific written consent from the Union, who worked in the grandstand area of the LA County Fairgrounds during special events taking place in the evenings.

Defendant disputes this and contends that pursuant to a written agreement, dated May 17, 1999, which is part of the Collective Bargaining Agreement with the Union, it is not obligated to make contributions for any and all "permit employees," whether or not they were limited to working the grandstand area, or identified in advance by the Defendant or approved by the Union as such "permit employees."

///

**4. MOTIONS**

There are currently no pending motions. Plaintiffs anticipate filing a Motion for Summary Judgment. Defendant may also file a Motion for Summary Judgment. Defendant anticipates filing a Motion to Stay all federal court proceedings pending completion of the above-referenced arbitration proceeding, which may fully and completely resolve all factual issues in this litigation. Defendant may also file a Motion for Change of Venue, as all witnesses to the negotiation of the Defendant's Collective Bargaining Agreement pension contribution contract language, and the Defendant itself, are located in Southern California.

**5. AMENDMENT OF PLEADINGS**

At this time, the parties do not anticipate that any pleadings will need to be amended in order to add or dismiss parties, claims or defenses.

The parties propose a due date for amending the pleadings as set forth in the proposed schedule below.

**6. EVIDENCE PRESERVATION**

Plaintiffs have confirmed that the policy of the Fund, custodian of its records, is to maintain any documents pertaining to the Fund for a period of six (6) years. The Fund has been requested not to destroy any existing documents relating to this action.

Defendant confirms that it has taken steps to preserve evidence relevant to the issues reasonably evident in this action.

**7. DISCLOSURES**

The parties certify that they will make required initial disclosures prior to the Case Management Conference scheduled on March 31, 2008, as follows:

A. Plaintiffs will make their required initial disclosures on or before March 28, 2008.

B. Defendant will make their required initial disclosures on or before March 28, 2008.

**8. DISCOVERY**

A. No formal written discovery has yet been propounded by either party to this action.

B. The parties agree to the following discovery plan:

(1) Document Production: no limit on the number of relevant document requests, subject to either parties' right to assert undue burden or relevance issues.

(2) Requests for Admissions: no limit on the requests for admissions.

(3) Interrogatories and depositions shall be limited as provided by the Federal Rules of Civil Procedure.

(4) Cut-off for fact discovery: see schedule below.

**9. CLASS ACTION**

Non-applicable.

**10. RELATED CASES**

Defendant asserts that there is the above-referenced Collective Bargaining Agreement grievance and arbitration procedure.

**11. RELIEF**

Plaintiffs seek the following relief:

(a) Monetary damages for unpaid contributions in the approximate amount of $62,559.99 under ERISA Section 502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A);

(b) Interest (10% simple interest per annum) on unpaid contributions under ERISA Section 502(g)(2)(B), 29 U.S.C. §1132(g)(2)(B);

(c) Liquidated damages (5% prior to litigation, and 20% on amounts subject to litigation) on unpaid contributions pursuant to ERISA Section 502(g)(2)(C), 29 U.S.C. §1132(g)(2)(C);

(d) Reasonable attorneys' fees and other costs (including any accountants' fees) under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2) to be determined.

(e) A preliminary and permanent injunction against Defendant under ERISA Sections 502(a)(3), 29 U.S.C. §1132(a)(3), and 502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E), enjoining further violations.

Defendant disputes that Plaintiffs are entitled to any relief.

**12. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

The parties believe that the issue in this case may be able to be resolved through either informal or formal settlement. Significant settlement discussions have already occurred.

On March 10, 2008, the parties filed a Stipulation and Proposed Order Selecting mediation. Pursuant to the Stipulation and Order Referring Case, dated March 12, 2008, mediation shall be completed within ninety (90) days of the issuance of the Order (i.e. by **June 9, 2008**).

Defendant will provide to Plaintiffs (1) written consent for permit employees, if any, obtained by Defendant from the Union for each such September/October 2003 employee; and (2) a detailed summary of all Union-represented permit employees of Defendant who worked at the Los County Fair from September 1, 2003, through October 1, 2003, as well as the general location (grandstand versus other) of such work.

**13. MAGISTRATE JUDGE**

Plaintiffs previously declined to consent to the assignment of this case to a United States Magistrate Judge for trial.

**14. OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The parties are working together to narrow the issues.

///

///

**16. EXPEDITED SCHEDULE**

This case is inappropriate for an expedited schedule.

**17. SCHEDULING**

The parties propose the following case scheduling order, absent the court granting Defendant's Motion to Stay Proceedings:

(1) ADR session to be held by: 6/09/08

(2) Dispositive motion to be filed by: 7/25/08

(3) Opposition to any dispositive motion to be filed by: 8/08/08

(4) Reply to any opposition to any dispositive motion to be filed by: 8/18/08

(5) All dispositive motions to be heard on or before: 8/29/08

(6) Any amendment of the pleadings to be filed by: 10/10/08

(7) Disclosure of identities and reports of expert witnesses: 10/31/08

(8) Completion of Fact Discovery: 12/05/08

(9) Completion of Expert Discovery: 12/19/08

(10) Pretrial Conference: 1/16/09

(11) Trial to begin on: 2/16/09

**18. TRIAL**

A. Plaintiffs assert that that there is no right to trial by jury of ERISA equitable relief claims and, therefore, all issues should be tried to the Court. Defendant agrees.

B. The parties expect that the case will be tried to the Court without a jury, and the trial will last three (3) to five (5) days.

///

///

///

///

///

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

As required by Civil Local Rule 3-16, Plaintiffs will file a "Certification of Interested Entities or Persons" on March 21, 2008, which will disclose "that Union employees of Defendant Los Angeles County Fair Association too numerous to list, who were employed during September 1, 2003, through October 1, 2003, may have a financial interest in the subject matter in controversy."

**20. OTHER ISSUES**

None.

Date: March 21, 2008

SALTZMAN & JOHNSON LAW CORPORATION
Philip M. Miller
Kristen McCulloch

By: /S/
Kristen McCulloch
Attorneys for Plaintiffs

Date: March 21, 2008

FISHER & PHILLIPS, LLP
James J. McDonald, Jr,
Christopher J. Boman
Christine D. Baran

By: /S/
Christine D. Baran
Attorneys for Plaintiffs

# CASE MANAGEMENT ORDER

The foregoing Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

| | | |
|---|---|---|
| (1) | ADR session to be held by: | 6/09/08 __/__/__ |
| (2) | Dispositive motion to be filed by: | 7/25/08 __/__/__ |
| (3) | Opposition to any dispositive motion to be filed by: | 8/08/08 __/__/__ |
| (4) | Reply to any opposition to any dispositive motion to be filed by: | 8/18/08 __/__/__ |
| (5) | All dispositive motions to be heard on or before: | 8/29/08 __/__/__ |
| (6) | Any amendment of the pleadings to be filed by: | 10/10/08 __/__/__ |
| (7) | Disclosure of identities and reports of expert witnesses: | 10/31/08 __/__/__ |
| (8) | Completion of Fact Discovery: | 12/05/08 __/__/__ |
| (9) | Completion of Expert Discovery: | 12/19/08 __/__/__ |
| (10) | Pretrial Conference | 1/16/09 __/__/__ |
| (11) | Trial to begin on: | 2/16/09 __/__/__ |

It is so ordered:

Dated: ____________________

____________________________________
The Honorable MARILYN H. PATEL
UNITED STATES DISTRICT JUDGE